**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>v.<br><br>Paul Zuccarello,<br><br>           Defendant. | No. CR-18-01367-002-PHX-SMB<br><br>**ORDER** |

      The Magistrate Judge has considered Defendant's "Detention Appeal" (Doc. 85), which was referred to the Magistrate Judge as a motion for reconsideration or motion to reopen detention hearing, the United States' Response (Doc. 91), the file, and the transcript of the detention hearing held February 11, 2020 (Doc. 91-1).

      Pursuant to 18 U.S.C. § 3142 (f), the Court may reopen a detention hearing at any time prior to trial only if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

"Thus, a defendant must establish two essential elements before the issue of detention may be reopened:  1) that information now exists that was not known to a defendant at the time of the initial hearing, and 2) the new information is material to release conditions regarding

flight or dangerousness." *United States v. Bowens*, CR-07-544-2-PHX-ROS, 2007 WL 2220501, at *1 (D. Ariz., July 31, 2007) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)).

In his motion, Defendant states that he "wishes to present evidence to the Court of his contacts with the community," referencing his elderly parents and his desire to care for them with possible employment as their caregiver. However, the information Defendant wishes to present was known to him at the time of his hearing and was, in fact, presented. The Defendant proffered the following at his hearing: though unemployed for the last four years, he was the owner/operator of Zuccarello Salon for five years and a hairstylist/barber for twenty years with clients for whom he still cuts hair; he was employed in landscaping; he is the daily caretaker of his mother who had surgery and dementia; he is 55 years old; he lives with his father and pays some bills; he was married for six years and maintained a relationship with his wife for an additional seventeen years; he owns two cars as reflected on his financial affidavit and earned 200-800 dollars in the last twelve months on "side jobs not steady" (Docs. 36, 91-1 at 4-8). The Magistrate Judge considered all information proffered, as well as the Pretrial Services Report, and entire file prior to issuing an Order (Doc. 39). The Magistrate Judge found probable cause that the Defendant had committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq., 951 et seq., or 46 U.S.C. § 1901 et seq. and concluded that the Defendant (i) failed to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community or any person, and (ii) was a flight risk due to his lack of resources from which he might make a bond reasonably calculated to assure his future appearance; history of criminal offenses, substance abuse and failure to appear. The Magistrate Judge further found that the weight of the evidence in the case was great and the Defendant has ties to a foreign country, specifically his cousins in Italy.

The Defendant has not presented new information unknown to him at the time of his detention hearing. His mother has passed, and the Magistrate Judge has granted

compassionate temporary release for the Defendant to attend her funeral (Doc. 93).  Even were the Defendant to be employed as a caregiver to his father, posited by Defendant only as a possibility, such a relationship does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance as required and the safety of the community or any other person.  The Magistrate Judge was well aware that the Defendant was caring for his elderly mother daily and living with his elderly father at the time of his arrest, providing some support to the father.  The possibility of formalizing that caregiving relationship with the Defendant's father does not persuade the Magistrate Judge that the Defendant is not a flight risk, nor does it rebut the presumption.

The Defendant has not shown manifest error.  The detention Order is well supported by the record.  Nor has the Defendant set forth in his motion new facts or legal authority that was not or could not have been brought to the Court's attention earlier with reasonable diligence.  No basis for reconsideration exists.

For the reasons set forth herein,

**IT IS ORDERED** denying Defendant's Detention Appeal (Doc. 85), referred to the Magistrate Judge as a motion to reopen detention hearing or motion for reconsideration.

Dated this 15th day of October, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge